JULIA MORAVEC, APPELLANT, V. JOHN MORAVEC, APPELLEE.

FILED OCTOBER 21, 1932. NO. 28242.

*Bartos, Bartos & Placek,* for appellant.

*Waring & Waring, contra.*

Heard before ROSE, DEAN, GOOD, EBERLY, DAY and PAINE, JJ.

ROSE, J.

Julia Moravec, plaintiff, brought suit in equity against her husband, John Moravec, defendant, to procure a divorce and alimony on the ground of extreme cruelty. In an answer and cross-petition defendant denied the acts of cruelty pleaded by plaintiff, charged her with extreme cruelty to him and prayed for a divorce from her. The acts of cruelty upon which each relied were stated in the pleadings. Upon a trial of the issues the district court made findings in favor of defendant, granted him a divorce, permitted plaintiff to retain title to 80 acres of Fillmore county land previously conveyed to her by defendant and dismissed her petition. Plaintiff appealed.

Upon a trial *de novo,* the conclusion is that a preponderance of the evidence proves facts showing that in equity defendant is entitled to the divorce granted by the district court. In that particular the decree below is affirmed.

The principal controversy arises on the question of alimony. This leads to an inquiry into the pecuniary situation of the parties in connection with family affairs.

Plaintiff and defendant were married June 29, 1920, when he was 55 or 56 and she 28 years of age. He had three children by a former wife. The oldest had become incompetent as a result of shell-shock in World War service and requires the care of a guardian. Plaintiff had five children by a former husband, the oldest child being 11 years of age when his mother and defendant were married. The second marriage was without issue. Defendant provided plaintiff and her children with a home. With what they could do for themselves he furnished means for the education of plaintiff's children. For a number of years previous to this litigation plaintiff and defendant resided in Fillmore county on an incumbered farm to which he held title, and in the meantime he conveyed to her 80 acres thereof. In 1928 he left the farm and went to Bee, a village in Seward county. Plaintiff declined to join him there and with her children remained on the incumbered farm. Defendant moved from Bee to Lincoln, where he supports himself by taking care of his incompetent son who draws monthly compensation from the government. There is testimony to the effect that defendant owns two unimproved town lots, acquired in 1917 in exchange for a span of horses, and that he has meager equities in other real estate, but he is without earning capacity or means to pay substantial alimony. Though plaintiff is denied a divorce, that does not prevent the court from allowing her alimony. Both contributed to embarrassing pecuniary conditions in which they find themselves. Details of their interests in property or of their unhappy domestic relations would not benefit them, their children or the state, and are purposely omitted. Under the circumstances disclosed by the record, equity does not call for the allowance of substantial alimony. The record, however, contains testimony tending to prove that defendant has some personal property on the farm occupied by plaintiff and this she will be permitted to retain. As thus modified, the decree below is affirmed,

defendant to pay the costs of the appeal to the supreme court.

AFFIRMED AS MODIFIED.